UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TIMOTHY MILLER, JR.

    Plaintiff,

V.                                                    CIVIL ACTION NO

H&P CAPITAL INC

Defendant.                                    MAY 14, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Severn, Maryland.

4. Defendant is a collection agency not licensed in the Sate of Maryland with a place of business at 1919 Blanding Blvd, suite4, Jacksonville, FL 32210.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. Plaintiff advised the Defendant that he disputed this debt.

10. Defendant advised the plaintiff that he could not dispute the debt.

11. Defendant frustrated the Plaintiff's dispute rights by stating Plaintiff could not dispute his debt, violating §1692e.

12. Defendant failed to provide the required notice pursuant to 1692e (11) in its communication with the Plaintiff.

13. Defendant advised the Plaintiff that it would not report the disputed nature of the debt to Credit Bureaus if they reported the debt.

14. Defendant advised the Plaintiff that if he did not pay the alleged balance of $980.38, by the end of business the next business day, April 14, 2009, the debt would increase by $5,000.00, which increase represented attorney fees, costs of collection and interest.

15. The Defendant is not a law firm and not allowed to charge attorney fees for the work of attempting to collect a debt.

16. The defendant is not properly licensed in the State of Maryland as a collection agency.

17. Defendant has inadequate procedures in place to avoid such error.

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**SECOND COUNT**

19. The allegations of the First Count are repeated and realleged as if fully set

forth herein.

20. Within three years prior to the date of this action Defendant collection agency has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

21. Defendant a licensed collection agency has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award the plaintiff costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com